# FOR PUBLICATION



FILED
Sep 21 2012, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID W. STONE IV**
Stone Law Office & Legal Research
Anderson, Indiana

ATTORNEY FOR APPELLEE:

**S. GREGORY ZUBEK**
Whitham Hebenstreit & Zubek LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| A.G., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1201-PO-94 |
| | ) | |
| P.G., | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara Cook Crawford, Judge
Cause No. 49G21-0909-PO-41818

**September 21, 2012**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

A.G. (Father) appeals the extension of P.G.'s (Mother) protective order against him. He presents three issues[1] for our consideration, one of which we find dispositive: whether there was sufficient evidence to support the extension of Mother's protective order against Father. We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 10, 2009, Mother filed for, and was granted, an *ex parte* order of protection against Father. On March 8, 2010, the order was amended to allow Father certain visitation and communication with the parties' two children. On May 12, 2011, a Missouri court dissolved the parties' marriage.

On June 5, when Mother picked up the children from their scheduled visitation with Father, their son reported Father indicated he desired to hurt Mother and her friend. The parties' daughter also told Mother that Father wished to harm Mother.

On June 6, Mother filed a petition for contempt against Father, alleging he violated the protective order by communicating threats against Mother. The trial court did not find Father in contempt, but it extended the protective order until October 21, 2020.

## DISCUSSION AND DECISION

When considering the sufficiency of the evidence supporting a decision to issue or modify a protective order, we do not reweigh the evidence or judge the credibility of

---

[1] Two of the issues Father presents involve the admissibility of certain pieces of evidence. As this was a bench trial, we need not consider those issues. *See Berry v. State*, 725 N.E.2d 939, 943 (Ind. Ct. App. 2000) ("In bench trials, we presume that the court disregarded inadmissible evidence and rendered its decision solely on the basis of relevant and probative evidence."). Father offers nothing to overcome this presumption.

witnesses. *Andrews v. Ivie*, 956 N.E.2d 720, 722 (Ind. Ct. App. 2011). "We look only to the evidence of probative value and reasonable inferences that support the trial court's judgment." *Id.* As we stated in *Andrews*:

> The Indiana Civil Protection Order Act ("CPOA") is to be construed to promote (1) the protection and safety of all victims of domestic or family violence in a fair, prompt, and effective manner and (2) the prevention of future domestic and family violence. Ind.Code § 34-26-5-1 (2002); *Moore v. Moore*, 904 N.E.2d 353, 357-58 (Ind. Ct. App. 2009). Pursuant to the CPOA, a person who is or has been a victim of domestic or family violence may file a petition for a protective order against (1) a family or household member who commits an act of domestic or family violence or (2) a person who has committed stalking under Indiana Code section 35-45-10-5 (2002) or a sex offense under Indiana Code chapter 35-42-4 against the petitioner. Ind.Code § 34-26-5-2(a) (2002); *Tisdial v. Young*, 925 N.E.2d 783, 785 (Ind. Ct. App. 2010). The trial court may issue or modify a protective order only upon a finding "that domestic or family violence has occurred." Ind.Code § 34-26-5-9(a), (f) (2009); *Tisdial*, 925 N.E.2d at 785. For purposes of the CPOA, domestic and family violence also includes stalking as defined in Indiana Code section 35-45-10-1 (1993) or a sex offense under Indiana Code chapter 35-42-4, "whether or not the stalking or sex offense is committed by a family or household member." Ind.Code § 34-6-2-34.5 (2007); *Tisdial*, 925 N.E.2d at 785.
>
> To obtain a protective order under the CPOA, the petitioner must establish by a preponderance of the evidence at least one of the allegations in the petition. *A.S.* [*v. T.H.*, 920 N.E.2d 803, 806 (Ind. Ct. App. 2010)]. A trial court generally has discretion to grant protective relief according to the terms of the CPOA. *Moore*, 904 N.E.2d at 358. However, a finding by the trial court that domestic or family violence has occurred sufficient to justify the issuance of an order for protection means that the respondent represents a credible threat to the safety of the petitioner. *Id.* Therefore, upon a showing of domestic or family violence by a preponderance of the evidence, the trial court shall grant relief necessary to bring about a cessation of the violence or the threat of violence. *Id.*

*Id.* at 722-23.

In her motion for contempt, Mother alleged Father, in violation of a protective order

3

issued at the time of the parties' dissolution of marriage, "made a death threat against me to my daughter and a death threat against my friend to my son on 6-5-11." (App. at 29.) During the contempt hearing, Mother testified to statements made by both of her children concerning Father's desire to hurt Mother and her family and friends. The trial court found:

> [W]hile I um, am inclined to believe that maybe these conversations did occur with her children, and her children had some kind of information that they received that upset them and -- and caused them to make these statements, I cannot find there was clear and convincing evidence that contempt was found.
> However, I do find that this protective order should be extended, and the Court at this time, is going to extend the order for protection, and it will be extended to October 21st of 2020.

(Tr. at 93.) To the extent Father's arguments are premised on conflicting evidence, they are invitations for us to reweigh the evidence, which we cannot do. *Andrews*, 956 N.E.2d at 722.

Accordingly, we affirm.

Affirmed.

KIRSCH, J., and NAJAM, J., concur.

4