# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**CYNTHIA PHILLIPS SMITH**
Law Office of Cynthia P. Smith
Lafayette, Indiana

ATTORNEY FOR APPELLEE:

**DANIEL J. MOORE**
Laszynski & Moore
Lafayette, Indiana

FILED

Jan 09 2013, 9:10 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY A. HANAUER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 79A04-1205-PO-271 |
| | ) | |
| COLLEEN T. HANAUER, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-1204-PO-6
Cause No. 79D01-1204-DR-83

**January 9, 2013**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Jeffrey Hanauer ("Husband") appeals the trial court's issuance of a protective order against him. He raises for our review the single issue of whether there was sufficient evidence to support the trial court's issuance of a protective order.

We affirm.

## Facts and Procedural History

Husband and Colleen Hanauer ("Wife") married in 2007. As of the date of the protective order hearing they had two minor children, and Wife was pregnant.

Husband had a severe anxiety disorder and insomnia, for which he had been prescribed Xanax, Paxil, and Klonopin. In addition, for his anxiety and insomnia he had "self-medicated" with marijuana on a daily basis for fourteen years.

Beginning in January of 2012, marital problems escalated. Over four days, Husband screamed at Wife, telling her to get out and get a job. On February 14, 2012, as Wife sat on the couch, Husband stood over her with clenched fists and yelled that she needed to get out and get a job, and that she could not take the children with her if she traveled to New Hampshire. While Wife was asleep in the spare bedroom, Husband repeatedly entered the room throughout the night and stood over her bed, turned the lights on and off, banged on the computer, and slammed the door and baby gate. Husband later threatened to kill himself if they divorced, and stayed up after dark to build a chicken coop. Wife awoke one morning to discover that her car tires had been slashed. By March 14, 2012, Wife had sought refuge at a women's shelter.

On March 15, 2012, Wife filed a pro se Petition for an Order for Protection, which the trial court granted on March 16, 2012 ("the Protective Order"). Wife filed a Petition for Dissolution of Marriage on March 26, 2012, which matter was still pending as of the date of this appeal.[1] After a hearing on April 25, 2012, the dissolution court entered an Order on April 26, 2012, upholding the Protective Order, but amending it to exclude the minor children, and creating an exception allowing Husband to discuss parenting time arrangements with Wife. This appeal ensued.

**Discussion and Decision**

Husband contends there was insufficient evidence to support the trial court's issuance of the Protective Order against him.

Protective orders are in the nature of injunctions. See Ind. Code § 34-26-5-9(b) (authorizing the trial court to enjoin or prohibit action on the part of the respondent); see also Black's Law Dictionary 788 (7th ed. 1999) (defining "injunction" as "[a] court order commanding or preventing an action[]"); Black's 1239 (referring to "restraining order" for the definition of "protection order"); Black's 1315 (defining "restraining order" as "[a] court order prohibiting or restricting a person from harassing, threatening, and sometimes even contacting or approaching another specified person[]"). Therefore, in granting a protective order the trial court must sua sponte make special findings of fact and conclusions thereon. See Indiana Trial Rule 52(A); I.C. §§ 34-26-5-9(a), (f); Tisdial v. Young, 925 N.E.2d 783,

---

[1] We note that the Protective Order was transferred to the dissolution court on March 29, 2012. See Ind. Code § 34-26-5-6(4) (requiring that where one petitions for an ex parte order for protection and also has a pending dissolution case involving the respondent, the protective order court shall immediately consider the ex parte petition and then transfer that matter to the dissolution court).

3

785 (Ind. Ct. App. 2010) (stating that the trial court may issue or modify an order for protection only upon a finding that domestic or family violence has occurred).

Where, as here, the trial court entered findings of fact and conclusions thereon pursuant to Trial Rule 52(A), we apply a two-tiered standard of review. Mysliwy v. Mysliwy, 953 N.E.2d 1072, 1076 (Ind. Ct. App. 2011), trans. denied.

> [F]irst, we determine whether the evidence supports the findings, and second, whether the findings support the [order]. In deference to the trial court's proximity to the issues, we disturb the [order] only where there is no evidence supporting the findings or the findings fail to support the [order]. We do not reweigh the evidence, but consider only the evidence favorable to the . . . [order]. Those appealing the . . . [order] must establish that the findings are clearly erroneous. Findings are clearly erroneous when a review of the record leaves us firmly convinced that a mistake has been made. We do not defer to conclusions of law, however, and evaluate them de novo.

Id. (internal citations omitted).

A person who is or who has been a victim of domestic or family violence may file a petition for a protective order against a:

> (1) family or household member who commits an act of domestic or family violence; or
> (2) person who has committed stalking under IC 35-45-10-5[.]

I.C. § 34-26-5-2(a). "A finding that domestic or family violence has occurred sufficient to justify the issuance of [a protective order] . . . means that a respondent represents a credible threat to the safety of a petitioner or a member of a petitioner's household." I.C. § 34-26-5-9(f). "Domestic or family violence" is defined in relevant part as "the occurrence of at least one (1) of the following acts committed by a family or household member: (1) Attempting to cause, threatening to cause, or causing physical harm to another family or household

4

member[; or] (2) Placing a family or household member in fear of physical harm." I.C. § 34-6-2-34.5.

Here, the evidence discloses that over four days, Husband screamed at Wife, telling her to get out and get a job. (Tr. at 68.) On February 14, 2012, as Wife sat on the couch, Husband stood over her with clenched fists and yelled that she needed to get out and get a job, and that she could not take the children with her if she traveled to New Hampshire. (Tr. at 68-69.) While Wife was asleep in the spare bedroom, Husband repeatedly entered the room throughout the night and stood over her bed, turned the lights on and off, banged on the computer, and slammed the door and baby gate. (Tr. at 69.) Husband later threatened to kill himself if they divorced, and stayed up after dark to build a chicken coop. (Tr. at 73, 76.) Wife awoke one morning to discover that her car tires had been slashed. (Tr. at 76-77.) In addition, Husband had a severe anxiety disorder and insomnia, and consumed marijuana and prescription drugs.

Based upon this evidence, the trial court found that "domestic or family violence, [or] stalking[] . . . occurred sufficient to justify the issuance of [the Protective Order]." (App. at 9.) The court further found that Husband "represents a credible threat to the safety of [Wife] . . . or a member of . . . [Wife's] household." (App. at 9.) And, with these findings, the court concluded that Wife was a victim of domestic violence and entitled to the issuance of a protective order. Our review of the record supports these findings and conclusions. Therefore, we find no error in the issuance of a protective order.[2]

---

[2] In her Appellee's Brief, Wife argues there also was sufficient evidence to support the Protective Order on

5

**Conclusion**

Husband has failed to establish that the findings are clearly erroneous. Furthermore, these findings support the trial court's conclusion that Wife was a victim of domestic violence. Therefore, the issuance of a protective order was not in error.

Affirmed.

VAIDIK, J., and BROWN, J., concur.

---

the alternative grounds of stalking. See I.C. § 34-26-5-2(a)(2). However, because Indiana Code section 34-26-5-2(a) is disjunctive and we have concluded that there was sufficient evidence to support the Protective Order under section 34-26-5-2(a)(1), we do not address this argument.