# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**SUZY ST. JOHN**
Indianapolis, Indiana



FILED
Jun 11 2014, 6:18 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN THE MATTER OF THE PETITION FOR TEMPORARY PROTECTIVE ORDER: | ) ) ) |
| A.N., | ) ) |
| Appellant-Respondent, | ) ) |
| vs. | )   No. 49A04-1212-PO-649 |
| K.G., | ) ) |
| Appellee-Petitioner. | ) ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara Crawford, Judge
Cause No. 49G21-1005-PO-22136

**June 11, 2014**

**OPINION ON REHEARING - FOR PUBLICATION**

**RILEY, Judge**

In the instant case, appellant-respondent, A.N. appealed the trial court's order of contempt, asserting that the trial court improperly acted as advocate for the appellee-petitioner, K.G., thereby violating her due process right to a fair trial before an impartial tribunal. Affirming the trial court, we concluded that A.N.'s due process rights had not been violated. Additionally, in a footnote, we noted that A.N. had waived her challenge to the twenty-eight year extension of K.G.'s protective order because the record indicated that she had expressly agreed to "an extension of the protective order." *A.N. v. K.G.*, 3 N.E.3d 989 (Ind. Ct. App. 2014).

Now, A.N. petitions for rehearing, arguing that, while she had "no objection to the extension" of the protective order because of a new sentence she had incurred, she did not agree to the specific term imposed by the trial court. (Transcript p. 80). We grant A.N.'s petition for rehearing for the limited purpose to review the trial court's decision to extend the protective order for twenty-eight years.

Our Legislature has dictated that the Civil Protection Order Act (CPOA) shall be construed to promote the: (1) protection and safety of all victims of domestic or family violence in a fair, prompt and effective manner; and (2) prevention of future domestic and family violence. *Parkhurst v. Van Winkle*, 786 N.E.2d 1159, 1160 (Ind. Ct. App. 2003) (citing Ind. Code § 34-26-5-1). Generally, a trial court has discretion to grant protective relief according to the terms of the CPOA. *See* I.C. § 34-26-5-9. Thus, a finding by the trial court that domestic or family violence has occurred sufficient to justify the issuance of an order for protection means that the respondent represents a credible threat to the safety of the petitioner. *See* I.C. § 34-26-5-9(f). Therefore, upon a

showing of domestic or family violence by a preponderance of the evidence, the trial court "shall grant relief necessary to bring about a cessation of the violence or the threat of violence." I.C § 34-26-5-9(f). Although the CPOA provides that the modification of an order for protection is "effective for two (2) years after the date of issuance *unless another date is ordered by the court*," the Act does not provide us with any guidelines for reviewing a trial court's discretionary relief which extends beyond the statutory two-year term nor have we had an occasion to formulate appropriate standards.

The trial court, foregoing the Legislature's suggested two-year term, imposed a twenty-eight year extension on the protective order, set to expire November 29, 2040. In *Barger v, Barger*, 887 N.E.2d 990, 993-94 (Ind. Ct. App. 2008) (internal citations omitted), we addressed the significant ramifications of an improperly granted protective order:

> For example, at the state level, violation of the trial court's protective order is punishable by confinement in jail, prison, and/or a fine. Furthermore, after the trial court has issued a protective order, it is a federal offense for a respondent to purchase, receive, or possess a firearm if the protected person is his current or former spouse, a current or former significant other, or a person with whom the respondent has a child. Thus, an improperly granted protective order may pose a considerable threat to the respondent's liberty.

The same concerns pertain to an improperly granted extension of an existing protective order.

Mindful of the purpose of the statute, we find that granting an extension in which there is no finding of domestic violence is at odds with the concerns underlying the statute, namely "the prevention of *future* domestic and family violence." *See* I.C. § 34-26-5-1. Moreover, because an extension is necessarily derived from the original

3

protective order, the trial court's determination must be viewed in light of the continuing harm or the threat of continuing harm that necessitated the issuance of the protective order in the first instance. As an order for protection can impose significant restrictions on a respondent's freedom of movement and other rights, the extension must be equally supported by a court's conclusion that such additional time, in excess of the statutorily two-year approved extension, is necessary to protect the petitioner and to bring about a cessation of the violence or the threat of violence. Absent findings in the present case, we find that the twenty-eight year extension of the protective order is unreasonable. However, because A.N. agreed to an extension, we remand to the trial court to determine a reasonable extension of K.G.'s protective order in accordance with the instructions in this opinion.

The petition for rehearing is granted for the purpose of reviewing the extension to a protective order. Otherwise, we stand by our previous opinion.

KIRSCH, J. and ROBB, J. concur