## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 08 2015, 8:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Samuel L. Bolinger
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Paul R. Sturm
Shambaugh, Kast, Beck &
Williams, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jon Richard Loomis, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Barbara Jean Loomis, <br> *Appellee-Respondent* | September 8, 2015 <br><br> Court of Appeals Case No. 02A03-1503-PO-80 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Perry D. Shilts, Judge Pro Tem <br><br> Trial Court Cause Nos. 02D07-0403-DR-124 and 02D02-1410-PO-3065 |

**Crone, Judge.**

# Case Summary

[1] Jon Richard Loomis ("Father") appeals the trial court's denial of his petition for a protective order filed against his ex-wife, Barbara Jean Loomis ("Mother").[1] Father sought a protective order on behalf of the parties' minor son, J.L., claiming that domestic or family violence had occurred between Mother and J.L., such that Mother represents a credible threat to J.L.'s safety. Following a hearing, the trial court denied Father's petition concluding that he had not met his burden of proving, by a preponderance of the evidence, that domestic violence had occurred. On appeal, Father claims that the trial court's decision is clearly erroneous. Concluding that the trial court did not clearly err in denying Father's petition and declining to issue a protective order, we affirm.

# Facts and Procedural History

[2] Father and Mother's marriage was dissolved in 2005 and they share joint legal and physical custody of their thirteen-year-old-son, J.L. On October 16, 2014, Father filed a petition for a protective order against Mother on behalf of J.L. Father claimed that Mother struck J.L. on one occasion and kicked J.L. on two occasions over a two-year period. An ex parte protective order was issued and the matter was set for an evidentiary hearing in the dissolution court on November 26, 2014. Both parties appeared at the hearing and presented

---

[1] We note that portions of the record also refer to Mother as "Barbara J. Ruden."

evidence and testimony. Following the hearing,[2] the trial court concluded that Father had not met his burden of proving by a preponderance of the evidence that domestic violence had occurred sufficient to justify the issuance of a protective order. Accordingly, the trial court denied Father's petition and ordered the prior ex parte order terminated. This appeal ensued.

## Discussion and Decision

[3] The Indiana Civil Protection Order Act ("CPOA") provides that a protective order may be issued when a trial court finds, by a preponderance of the evidence, that the respondent represents a credible threat to the safety of the petitioner or a member of the petitioner's household—that is, that domestic or family violence has occurred. *See Maurer v. Cobb-Maurer*, 994 N.E.2d 753, 756 (Ind. Ct. App. 2013) (citing Ind. Code § 34-26-5-9). Except for an act of self-defense, "domestic or family violence" means the occurrence of at least one of the following acts committed by a family or household member:

> (1) Attempting to cause, threatening to cause, or causing physical harm to another family or household member.
>
> (2) Placing a family or household member in fear of physical harm.
>
> (3) Causing a family or household member to involuntarily engage in sexual activity by force, threat of force, or duress.

---

[2] Father included large portions of the hearing transcript in his appellant's appendix in contravention of Indiana Appellate Rule 50(F), which states, "Because the Transcript is transmitted to the Court on Appeal pursuant to Rule 12(B), parties should not reproduce any portion of the Transcript in the Appendix."

(4) Beating [], torturing [], mutilating [], or killing a vertebrate animal without justification with the intent to threaten, intimidate, coerce, harass, or terrorize a family or household member.

Ind. Code § 34-6-2-34.5.

[4] "Generally, a trial court has discretion to grant protective relief according to the terms of the CPOA." *A.N. v. K.G.*, 10 N.E.3d 1270, 1271 (Ind. Ct. App. 2014). In reviewing the sufficiency of the evidence to support the trial court's judgment regarding a protective order, we neither reweigh the evidence nor resolve questions of credibility. *See Tons v. Bley*, 815 N.E.2d 509, 511 (Ind. Ct. App. 2004). We consider only the probative evidence and reasonable inferences that support the trial court's judgment. *Maurer*, 994 N.E.2d at 755. We will reverse the trial court's judgment regarding a protective order only if it is clearly erroneous—that is to say, when a review of the record leaves us firmly

convinced that a mistake has been made.[3]  *See Mysliwy v. Mysliwy*, 953 N.E.2d 1072, 1076 (Ind. Ct. App. 2011), *trans. denied*.

[5]     In seeking a protective order against Mother, Father bore the burden of proof by a preponderance of the evidence that Mother represents a credible threat to the safety of J.L.  Father claimed that, over a two-year period, Mother struck J.L. in the back of the head on one occasion and kicked J.L. in the leg on two occasions.  At the hearing, J.L. testified that Mother once used her bare hand to hit him in the back of the head, which caused him to feel "terrible."  Tr. at 63.  J.L. also testified that Mother once kicked him in the leg, which caused him to feel "bad" and "fearful."  *Id*. at 64-65.  J.L. then recalled that, during a contentious parenting-time exchange between his parents, Mother again kicked him in the leg.  J.L. stated that Mother kicked him after he disobeyed her, shoved her, and refused to get in her car.

---

[3] Father mentions briefly in the standard of review section of his appellant's brief that the trial court failed to make findings of fact sufficient to facilitate our appellate review of the court's decision and that remand is required.  *See* Appellant's Br. at 10 (citing *Hanauer v. Hanauer*, 981 N.E.2d 147, 148 (Ind. Ct. App. 2013) (protection orders are in the nature of injunctions, and therefore in *granting* a protective order, the trial court must sua sponte make special findings of fact and conclusion thereon) (emphasis added)).  First, we note that while Father makes extensive arguments on this issue in his reply brief, we do not think that Father's terse reference to the lack of special findings in his initial brief is adequate to preserve our consideration of those arguments.  *See Kelly v. Levandoski*, 825 N.E.2d 850, 857 n.2 (Ind. Ct. App. 2005) ("Appellants are not permitted to present new arguments in their reply briefs, and any argument an appellant fails to raise in his initial brief is waived for appeal."), *trans. denied*.  Waiver notwithstanding, given that the trial court here denied the protective order for lack of credible evidence, we find the record before us sufficient for our review.  Although we do not disagree that special findings would have been helpful, we conclude that remand is unnecessary under the circumstances presented.  *But see E.W. v. J.W.*, 20 N.E.3d 889, 899 (Ind. Ct. App. 2014) (relying on *Hanauer* and concluding that remand for special findings was necessary to facilitate appellate review), *trans. denied* (2015).

[6] Much to the contrary, Mother testified that she had never struck J.L. in the back of the head or kicked him in the leg on any occasion. Mother testified that she believed that J.L. had been coached by Father to make these false claims. A witness who was present during the parenting-time exchange testified that, while she did see J.L. grab Mother's shoulders and shove her, she did not see Mother ever kick J.L.

[7] Based upon the conflicting evidence presented, the trial court determined that Father had not meet his burden to prove by a preponderance of the evidence that domestic or family violence had occurred sufficient to justify the issuance of a protective order. While Father urges us to conclude that J.L. is in need of protection because Mother's disciplinary tactics are too harsh and disproportionate to J.L.'s behavior, we remind Father that Mother wholly denies ever attempting to cause, threatening to cause, or causing physical harm to J.L., and it was the trial court's prerogative to assess the credibility of her testimony. Indeed, the entirety of Father's argument on appeal is simply a request for us to reweigh the evidence and reassess witness credibility in his favor, which we will not do. Under the circumstances, we cannot say that the trial court clearly erred when it denied Father's petition for a protective order.

[8] Affirmed.

Riley, J., and Brown, J., concur.