

ATTORNEY FOR APPELLANT

Mark J. Crandley
Barnes & Thornburg LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

John A. Kraft
Young, Lind, Endres & Kraft
New Albany, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lisa Costello,[1] <br> *Appellant-Petitioner,* <br><br> v. <br><br> Wayne Zollman, <br> *Appellee-Respondent* | February 16, 2016 <br><br> Court of Appeals Case No. 10A04-1509-PO-1438 <br><br> Appeal from the Clark Circuit Court <br><br> The Honorable William Dawkins, Jr., Magistrate <br><br> Trial Court Cause No. 10C02-1507-PO-308 |

**Crone, Judge.**

---

[1] 18 U.S.C. § 2265(d)(3) applies only to parties who have received a protective order; because Costello is not a party "protected under" a protective order, initials need not be used.

## Case Summary

Lisa Costello appeals the dismissal of her petition for a protective order. The trial court indicated that it dismissed her petition because she failed to carry her burden of proof. On appeal, Costello argues that the trial court failed to make findings pursuant to Indiana Trial Rule 52(A) and therefore remand is necessary for such findings. In the alternative, she asserts that the trial court abused its discretion in denying her petition. We conclude that the trial court's order is adequate for our review and thus remand for Trial Rule 52(A) findings is unnecessary. We also conclude that the trial court did not abuse its discretion in dismissing Costello's petition. Accordingly, we affirm.

## Facts and Procedural History

Costello and Wayne Zollman are neighbors in rural Clark County. Their farms share a common border, and they have been engaged in a boundary dispute. Zollman often works at a barn that is 125 feet from Costello's property. His home and deck can be seen from Costello's property. Costello's farm responsibilities require her to work near the boundary with Zollman's property. Because they both regularly work outside near the boundary, they are often outside at the same time and within eyesight of each other.

Costello filed a petition for a protective order, alleging that Zollman placed her in fear of physical harm, committed stalking against her, and committed a sex act against her. Specifically, she alleged that Zollman comes outside his barn and urinates in her view and has also dropped his pants and exposed himself to

her, that he stood in her path as she rode her motorcycle causing her to take evasive action to avoid him, and that he approached her when her dirt bike was stalled but her phone rang so he walked away. Appellant's App. at 7, 11-20. She also alleged that Zollman let his animals graze on her property.

[4] The trial court held a hearing on Costello's petition. Costello testified that when she works near Zollman's home she usually has a "diesel tractor or something that's making noise" and Zollman will come out of his barn, face her, and urinate in front of her. Tr. at 13. Costello testified that Zollman had urinated in front of her or exposed himself to her at least twelve times. She said that the last two times, he was "flashing" her and that "there wasn't any urinating involved." *Id*. at 16. One of those times, he was on his deck and dropped his swim trunks to his knees. *Id*. at 17. She also testified that she was riding her motorcycle on her property and "he was actually standing on [her] property" and she had to accelerate to quickly get by him. *Id*. at 19. She described another instance in which her motorcycle had stalled and she saw Zollman coming toward her, but when her phone rang he went away. *Id*. at 20-21. Costello submitted blurry photographs of Zollman that she alleged show that he is urinating outside. She testified that she had to get "a little sneaky" to get the photographs, and she hid behind a tree when she took them. *Id*. at 24-25.

[5] Zollman testified that Costello's photographs show him talking on the phone, not urinating. *Id*. at 48. He testified that he is regularly in and out of his barn and that he does not come out to see Costello. *Id*. at 49. He also testified that

he had never been on Costello's property and never will be. *Id*. at 51-52.

Zollman denied urinating in front of Costello twelve times. *Id*. at 54. He

testified that he does not pay any attention to Costello. *Id*. at 55. He also

denied that he was stalking Costello. *Id*. at 45-46.

[6] At the conclusion of the hearing, the trial court informed the parties that it

would take the issue under advisement and offered the parties the opportunity

to submit "case authority." *Id*. at 61. Both parties stated their desire to do so.

Thereafter, Costello filed a "Post-Hearing Memorandum of Law" and Zollman

filed findings of fact and conclusions of law. The trial court issued a form order

dismissing Costello's petition for protective order because "[Costello] has not

shown, by a preponderance of the evidence, that stalking or a sex offense has

occurred sufficient to justify the issuance of an Order for Protection."

Appellant's App. at 3. This appeal ensued.

## Discussion and Decision

## Section 1 – The trial court is not required to make Trial Rule 52(A) findings when denying a petition for a protective order.

[7] Civil protective orders are governed by the Indiana Civil Protection Order Act

("CPOA"), which we construe to promote "the protection and safety of all

victims of domestic or family violence in a fair, prompt, and effective manner"

and the "prevention of future domestic and family violence." Ind. Code § 34-

26-5-1. Domestic violence includes stalking. Ind. Code § 34-6-2-34.5. Thus, a

person who is or has been a victim of domestic or family violence may file a

petition for an order for protection against a person who has committed stalking. Ind. Code § 34-26-5-2(a). Stalking is defined as "a knowing or an intentional course of conduct involving repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened and that actually causes the victim to feel terrorized, frightened, intimidated, or threatened" but does not include statutorily or constitutionally protected activity. Ind. Code § 35-45-10-1. Harassment is defined as "conduct directed toward a victim that includes but is not limited to repeated or continuing impermissible contact that would cause a reasonable person to suffer emotional distress and that actually causes the victim to suffer emotional distress" but does not include statutorily or constitutionally protected activity. Ind. Code § 35-45-10-2. Impermissible contact "includes but is not limited to knowingly or intentionally following or pursuing the victim." Ind. Code § 35-45-10-3. Upon a showing of domestic violence "by a preponderance of the evidence, the court shall grant relief necessary to bring about a cessation of the violence or the threat of violence." *Id*. A finding that domestic violence has occurred sufficient to justify the issuance of a protective order "means that a respondent represents a credible threat to the safety of a petitioner or a member of the petitioner's household." Ind. Code § 34-26-5-9(f).

[8]     Costello argues that in denying a petition for a protective order, the trial court is required to sua sponte make special findings of fact pursuant to Indiana Trial

Rule 52(A), the trial court did not do so here, and therefore remand is necessary for special findings. Trial Rule 52(A) provides in relevant part,

> In the case of issues tried upon the facts without a jury or with an advisory jury, the court shall determine the facts and judgment shall be entered thereon pursuant to Rule 58. Upon its own motion, or the written request of any party filed with the court prior to the admission of evidence, the court in all actions tried upon the facts without a jury or with an advisory jury (except as provided in Rule 39[D]) shall find the facts specially and state its conclusions thereon. The court shall make special findings of fact without request
>
> (1) in granting or refusing preliminary injunctions;
>
> (2) in any review of actions by an administrative agency; and
>
> (3) in any other case provided by these rules or by statute.

[9]    In her appellant's brief, Costello relies on *Hanauer v. Hanauer*, 981 N.E.2d 147 (Ind. Ct. App. 2013), in which another panel of this court likened protective orders to injunctions and concluded that when "granting a protective order the trial court must sua sponte make special findings of fact and conclusions thereon." *Id*. at 148 (citing Ind. Trial Rule 52(A), Ind. Code § 34-26-5-9(a) and -(f), and *Tisdial v. Young*, 925 N.E.2d 783, 785 (Ind. Ct. App. 2010)).[2] *See also Fox v. Bonam*, No. 55A01-1503-PO-112, 2015 WL 6087343, at *3 (Ind. Ct. App.

---

[2] In *Tisdial*, we stated that the "trial court may issue or modify an order for protection only upon a finding 'that domestic or family violence has occurred.'" 925 N.E.2d at 785 (citing Ind. Code § 34-26-5-9(a) and -(f)).

Oct. 16, 2015) (citing *Hanauer*, 981 N.E.2d at 148). We observe that even though findings are required to grant a petition for a protective order, the findings need not be extensive. In *Hanauer*, the trial court's "findings" were not extensive but were adequate for appellate review of the trial court's decision:

> [T]he trial court found that domestic or family violence, or stalking ... occurred sufficient to justify the issuance of the Protective Order. The court further found that Husband represents a credible threat to the safety of Wife ... or a member of ... Wife's household. And, with these findings, the court concluded that Wife was a victim of domestic violence and entitled to the issuance of a protective order.

*Id*. at 149 (citations, brackets, and quotation marks omitted). The *Hanauer* court concluded that the husband had failed to establish that the findings were clearly erroneous. *Id*. at 150.[3]

[10] Moreover, we observe that *Hanauer* involved an appeal of the *grant* of a protective order.[4] Indiana Code Section 34-26-5-9 requires a finding that domestic or family violence has occurred in order to grant a protective order. *See also Tisdial*, 925 N.E.2d at 785. The reason for requiring findings when a protective order is granted is to establish the basis for restricting a person's rights. We are unpersuaded that *Hanauer* should be extended to require Trial

---

[3] In *Fox*, the trial court found that the appellant had committed stalking against the appellee without specifying which of the five allegations in the petition constituted stalking. 2015 WL 6087343, at *3. As in *Hanauer*, extensive findings were not required for adequate appellate review.

[4] We observe that Trial Rule 52(A) requires the trial court to make special findings of fact "in granting or refusing *preliminary* injunctions." (Emphasis added.)

Rule 52(A) special findings when a trial court denies a petition for a protective order.[5] Here, the trial court dismissed Costello's petition for a protective order because "[Costello] has not shown, by a preponderance of the evidence, that stalking or a sex offense has occurred sufficient to justify the issuance of an Order for Protection." Appellant's App. at 3. Thus, the trial court provided the basis for its decision. Where the petitioner has failed to sustain her burden of proof, an order like the one the trial court used here is adequate for appellate review.

[11] In her reply brief, Costello relies on *E.W. v. J.W.*, 20 N.E.3d 889, 899 (Ind. Ct. App. 2014), *trans. denied* (2015), in which this Court stated that Trial Rule 52(A) special findings were required for a *denial* of a protective order. *E.W.* is distinguishable. In that case, the trial court found as follows:

> [T]here was no evidence to suggest that any continuing problems have occurred between the parties for several months even if at one time there might have been issues. Assuming that there were issues in the past, [F]ather does not have clean hands in this matter, as he was inappropriately denying the mother visitation rights to her son at that time, which could have contributed to the issues between them.

---

[5] Zollman cites *Reed v. Ashcraft*, No. 02A03-1301-PO-23 (Ind. Ct. App. Sept. 24, 2013), and *Loomis v. Loomis*, No. 02A03-1503-PO-80 (Ind. Ct. App. Sept. 8, 2015), to support his argument that the dismissal of a petition for a protective order does not require Trial Rule 52(A) findings. Both are memorandum decisions and therefore are noncitable pursuant to Indiana Appellate Rule 65(D).

*Id.* The *E.W.* court concluded that the trial court's findings were not sufficient to facilitate appellate review and remanded for further findings. *Id.* The *E.W.* court explained,

> It is entirely possible that the trial court believed that Father did not prove by a preponderance of the evidence that he truly felt harassed by Mother's alleged conduct. Alternatively, one might infer from the trial court's order that the trial court believed every word of Father's story, but because Father already received a full year's benefit of a protection order and because Mother's conduct was a product of Father's refusal to allow visitation, further extension of the protection order was unnecessary to protect Father after resolution of the visitation issue. Of course, all of this is pure speculation[.]

*Id.* Here, in contrast, we know that the trial court dismissed Costello's petition because Costello failed to prove by a preponderance of the evidence that Zollman committed stalking or a sexual offense. Accordingly, further findings are unnecessary.

[12] Costello also argues that Trial Rule 52 "compelled the trial court to enter findings of fact and conclusions of law" because the parties requested it. Appellant's Br. at 9. This argument is unavailing for two reasons. First, the parties did not request special findings; rather, at the conclusion of the hearing, the trial court offered the parties the opportunity to submit "case authority." Second, even if the parties had orally requested special findings at the conclusion of the hearing, as Costello claims, Trial Rule 52(A) would not have been triggered. Trial Rule 52(A) specifically requires a party to make a "written

request … prior to the admission of evidence." Neither Costello nor Zollman made a written request for special findings prior to the admission of evidence. Therefore, the trial court was not required by Trial Rule 52 to enter special findings. *See E.W.R. v. T.L.C.*, 528 N.E.2d 106, 108 (Ind. Ct. App. 1988) ("Where no written request for special findings is filed with the court, the trial judge is under no obligation to make such findings."), *trans. denied* (1989).

## Section 2 – The trial court did not abuse its discretion in denying Costello's petition for a protective order.

[13] "Generally, a trial court has discretion to grant protective relief according to the terms of the CPOA." *A.N. v. K.G.*, 10 N.E.3d 1270, 1271 (Ind. Ct. App. 2014). "To obtain an order of protection under the [CPOA], the petitioner must establish by a preponderance of the evidence at least one of the allegations in the petition." *A.S. v. T.H.*, 920 N.E.2d 803, 806 (Ind. Ct. App. 2010). In assessing the sufficiency of the evidence, we neither reweigh the evidence nor judge witness credibility. *Id.* We consider only the evidence of probative value and reasonable inferences that support the judgment. *Id.* Here, the trial court dismissed the protective order after a hearing, effectively denying Costello's petition, and therefore she is appealing from a negative judgment. When the appeal is from a negative judgment, we will reverse only if we are convinced that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the trial court. *Flash v. Holtsclaw*, 789 N.E.2d 955, 959 (Ind. Ct. App. 2003), *trans. denied*.

Costello claims that her version of events was undisputed. We disagree. During the hearing, Zollman's counsel began direct examination of Zollman by asking him, "[Y]ou've heard the events that have been described by [Costello] Do you take issue with those?" Tr. at 43. Zollman answered, "No." *Id*. However, when Zollman was asked about specific allegations, he denied them. He denied that he was urinating in the photographs submitted by Costello; he denied urinating in front of Costello twelve times; and he denied ever being on her property. The trial court weighed the conflicting evidence, judged the credibility of the witnesses, and found that Costello failed to carry her burden of proof. We conclude that the evidence does not lead unerringly and unmistakably to a decision opposite that reached by the trial court. Accordingly, we affirm the dismissal of Costello's petition for a protective order.

Affirmed.

Vaidik, C.J., concurs.

Bailey, J., concurs in result without opinion.