## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 28 2018, 10:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Matthew T. Albaugh
Blayre E. Marley
Faegre Baker Daniels LLP
Indianapolis, Indiana

# I N   T H E
# COURT OF APPEALS OF INDIANA

S.H.,

*Appellant-Respondent,*

v.

D.W.,

*Appellee-Petitioner*

November 28, 2018

Court of Appeals Case No.
18A-PO-1413

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1802-PO-626

**Crone, Judge.**

# Case Summary

S.H. appeals the trial court's order extending a protective order. The sole restated issue presented for our review is whether sufficient evidence supports the trial court's order and whether the two-year extension is reasonable. Finding the evidence sufficient and the extension reasonable, we affirm.

# Facts and Procedural History

In January 2016, D.W. filed a petition for a protective order against her then husband S.H. The parties were involved in contentious dissolution of marriage proceedings, and her petition contained numerous allegations of domestic abuse and threats of violence by S.H. The court held a hearing on February 11, 2016. During the hearing, S.H. agreed to have a protective order issued against him. The trial court accepted that agreement and issued a protective order against S.H.

On February 5, 2018, D.W. again petitioned the trial court for a protective order against S.H. The petition alleged that the prior protective order was set to expire on February 11, 2018, and that S.H. had twice tried indirectly contacting D.W. through a family member's social media. The petition also reiterated some of the details of the alleged domestic abuse and threats of violence that had precipitated the prior protective order. On February 7, 2018, the trial court issued an ex parte protective order. On February 15, 2018, S.H. appeared by counsel and requested a hearing on D.W.'s petition. A hearing was held on the petition on April 20, 2018. S.H. appeared by counsel, and D.W. appeared pro

se. That same day, the trial court issued its order granting the petition and extending the protective order for two years. The order contained the following relevant findings:

> 1. That the testimony of [D.W.] was credible at the time of the original issuance of the order and remains credible today.
>
> 2. That [S.H.] continues to deny that any domestic violence has ever occurred.
>
> 3. The Court believes based on the totality of the circumstances in this case that there still exist[s] a current necessity to bring about a cessation to a threat of violence.

Appellant's App. Vol. 2 at 48. S.H. filed a motion to correct error, which was denied by the trial court. This appeal ensued.

## Discussion and Decision

[4] The Indiana Civil Protection Order Act ("CPOA") "shall be construed to promote the: (1) protection and safety of all victims of domestic or family violence in a fair, prompt, and effective manner; and (2) prevention of future domestic and family violence." Ind. Code § 34-26-5-1. The CPOA authorizes "a person who is or has been a victim of domestic ... violence" to file a petition for a protective order. Ind. Code § 34-26-5-2. Domestic violence means "the occurrence of" an act by the respondent "attempting to cause, threatening to cause, or causing physical harm" to the petitioner, or placing the petitioner "in fear of physical harm." Ind. Code § 34-6-2-34.5.

A protective order lasts for two years, "unless another date is ordered by the court." Ind. Code § 34-26-5-9(e). "The fact that an order for protection is issued under this chapter does not raise an inference or presumption in a subsequent case or hearings between the parties." Ind. Code § 34-26-5-9(h). This Court has addressed the circumstances under which a trial court may properly order an extension of a protective order's length:

> [B]ecause an extension is necessarily derived from the original protective order, the trial court's determination must be viewed in light of the continuing harm or the threat of continuing harm that necessitated the issuance of the protective order in the first instance. As an order for protection can impose significant restrictions on a respondent's freedom of movement and other rights, the extension must be equally supported by a court's conclusion that such additional time … is necessary to protect the petitioner and to bring about a cessation of the violence or the threat of violence.

*A.N. v. K.G.*, 10 N.E.3d 1270, 1272 (Ind. Ct. App. 2014). Any such extension of an initial protective order must be reasonable. *Id.*

A petitioner who seeks either reissuance of a protective order that has expired, or modification of an unexpired protective order, bears the burden of proving by a preponderance of the evidence that a new protective order or extension of an existing order is required. *J.K. v. T.C.*, 25 N.E.3d 179, 182 (Ind. Ct. App. 2015). When considering the sufficiency of the evidence supporting a decision to issue or modify a protective order, we do not reweigh the evidence or judge the credibility of witnesses. *A.G. v. P.G.*, 974 N.E.2d 598, 598 (Ind. Ct. App.

2012). We look only to the evidence of probative value and reasonable inferences that support the trial court's judgment. *Id.*

[7] S.H. asserts that D.W. presented insufficient evidence to support an extension of the protective order. We agree that the evidence presented by D.W. was minimal; however, we believe that it was enough to satisfy her burden. During the hearing, D.W. appeared pro se and testified on her own behalf. She reiterated and elaborated on her 2016 allegations against S.H. of domestic violence and threats of violence. She testified that she believed that S.H. had very recently tried to contact her indirectly through social media in order to find out where she was living. She considered this behavior to be a current threat to her safety and conveyed to the trial court that she continues to be in great fear for her physical well-being. She requested a two-year extension to help ensure her "safety at least until [her] last child graduates [high school]." Tr. Vol. 2 at 50. Based upon this evidence, the trial court concluded that a two-year extension of the protective order was necessary to protect D.W. and to bring about the cessation of violence or threat of violence.

[8] S.H. denies that any domestic violence has ever occurred between the parties and asserts that "there was no evidentiary basis for the Protective Order being issued in the first instance," much less any evidence to support an extension. Appellant's Br. at 16. We remind S.H. that he agreed to the issuance of the initial protective order, which in effect was a tacit admission to the necessity of the order due to violence or threat of violence. We find it incredibly significant here that the trial judge is the same judge who presided over both the initial

protective order proceedings and the parties' contentious dissolution of marriage proceedings. This judge was in the optimal position to determine the credibility of the parties and whether, under the totality of the circumstances, there is a continuing threat of harm. The trial court considered the testimony of both parties, as well as an additional witness, and determined that there is a current necessity to bring about the cessation of violence or threat of violence. We decline S.H.'s invitation to second-guess that determination by inappropriately reweighing the evidence and reassessing witness credibility.

[9] The trial court's order is supported by sufficient evidence, and we cannot say that a two-year extension is unreasonable based on the record before us.[1] Accordingly, we affirm.

[10] Affirmed.

Najam, J., and Pyle, J., concur.

---

[1] Indeed, our legislature has determined that a modification of a protective order is automatically effective for two years after the date of issuance unless another date is ordered by the court. Ind. Code § 34-26-5-9(e).