1. That the testimony of [D.W.] was credible at the time of the original issuance of the order and remains credible today.
2. That [S.H.] continues to deny that any domestic violence has ever occurred.
3. The Court believes based on the totality of the circumstances in this case that there still exist[s] a current necessity to bring about a cessation to a threat of violence.
Appellant's App. Vol. 2 at 48. S.H. filed a motion to correct error, which was denied by the trial court. This appeal ensued.
Discussion and Decision
[4] The Indiana Civil Protection Order Act ("CPOA") "shall be construed to promote the: (1) protection and safety of all victims of domestic or family violence in a fair, prompt, and effective manner; and (2) prevention of future domestic and family violence." Ind. Code § 34-26-5-1. The CPOA authorizes "a person who is or has *900 been a victim of domestic ... violence" to file a petition for a protective order. Ind. Code § 34-26-5-2. Domestic violence means "the occurrence of" an act by the respondent "attempting to cause, threatening to cause, or causing physical harm" to the petitioner, or placing the petitioner "in fear of physical harm." Ind. Code § 34-6-2-34.5.
[5] A protective order lasts for two years, "unless another date is ordered by the court." Ind. Code § 34-26-5-9(e). "The fact that an order for protection is issued under this chapter does not raise an inference or presumption in a subsequent case or hearings between the parties." Ind. Code § 34-26-5-9(h). This Court has addressed the circumstances under which a trial court may properly order an extension of a protective order's length:
[B]ecause an extension is necessarily derived from the original protective order, the trial court's determination must be viewed in light of the continuing harm or the threat of continuing harm that necessitated the issuance of the protective order in the first instance. As an order for protection can impose significant restrictions on a respondent's freedom of movement and other rights, the extension must be equally supported by a court's conclusion that such additional time ... is necessary to protect the petitioner and to bring about a cessation of the violence or the threat of violence.
A.N. v. K.G. , 10 N.E.3d 1270, 1272 (Ind. Ct. App. 2014). Any such extension of an initial protective order must be reasonable. Id.
[6] A petitioner who seeks either reissuance of a protective order that has expired, or modification of an unexpired protective order, bears the burden of proving by a preponderance of the evidence that a new protective order or extension of an existing order is required. J.K. v. T.C. , 25 N.E.3d 179, 182 (Ind. Ct. App. 2015). When considering the sufficiency of the evidence supporting a decision to issue or modify a protective order, we do not reweigh the evidence or judge the credibility of witnesses. A.G. v. P.G. , 974 N.E.2d 598, 598 (Ind. Ct. App. 2012). We look only to the evidence of probative value and reasonable inferences that support the trial court's judgment. Id.
[7] S.H. asserts that D.W. presented insufficient evidence to support an extension of the protective order. We agree that the evidence presented by D.W. was minimal; however, we believe that it was enough to satisfy her burden. During the hearing, D.W. appeared pro se and testified on her own behalf. She reiterated and elaborated on her 2016 allegations against S.H. of domestic violence and threats of violence. She testified that she believed that S.H. had very recently tried to contact her indirectly through social media in order to find out where she was living. She considered this behavior to be a current threat to her safety and conveyed to the trial court that she continues to be in great fear for her physical well-being. She requested a two-year extension to help ensure her "safety at least until [her] last child graduates [high school]." Tr. Vol. 2 at 50. Based upon this evidence, the trial court concluded that a two-year extension of the protective order was necessary to protect D.W. and to bring about the cessation of violence or threat of violence.
[8] S.H. denies that any domestic violence has ever occurred between the parties and asserts that "there was no evidentiary basis for the Protective Order being issued in the first instance," much less any evidence to support an extension. Appellant's Br. at 16. We remind S.H. that he agreed to the issuance of the initial protective order, which in effect was a tacit *901 admission to the necessity of the order due to violence or threat of violence. We find it incredibly significant here that the trial judge is the same judge who presided over both the initial protective order proceedings and the parties' contentious dissolution of marriage proceedings. This judge was in the optimal position to determine the credibility of the parties and whether, under the totality of the circumstances, there is a continuing threat of harm. The trial court considered the testimony of both parties, as well as an additional witness, and determined that there is a current necessity to bring about the cessation of violence or threat of violence. We decline S.H.'s invitation to second-guess that determination by inappropriately reweighing the evidence and reassessing witness credibility.
[9] The trial court's order is supported by sufficient evidence, and we cannot say that a two-year extension is unreasonable based on the record before us.[1] Accordingly, we affirm.
[10] Affirmed.
Najam, J., and Pyle, J., concur.
Order
[1] Appellee, by counsel, filed Appellee's Motion to Publish Opinion Pursuant to Indiana Rule of Appellate Procedure 65(A).
[2] Having reviewed the matter, the Court finds and orders as follows:
1. The Appellee's Motion to Publish Opinion Pursuant to Indiana Rule of Appellate Procedure 65(A) is granted.
2. This Court's opinion heretofore handed down in this cause on November 28, 2018, marked Memorandum Decision, is now ordered published.
3. The Clerk of this Court is directed to send copies of said opinion together with copies of this order to the West Publishing Company and to all other services to which published opinions are normally sent.
[3] Ordered 12/28/2018.
[4] Najam, Crone, Pyle, JJ., concur.

Indeed, our legislature has determined that a modification of a protective order is automatically effective for two years after the date of issuance unless another date is ordered by the court. Ind. Code § 34-26-5-9(e).